**FILED**

DEC 1 1 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LEE TRAN,<br><br>    Defendant. | Case No.   19CR4968-LAB<br><br>I N F O R M A T I O N<br><br>18 U.S.C. 1343 – Wire Fraud |

The United States charges:

**INTRODUCTORY ALLEGATIONS**

1. Hydranautics is a membrane technology company based in Oceanside, California. Hydranautics is a subsidiary of Nitto, Inc., a U.S. holding company owned by Nitto Denko Corporation, a Japanese corporation.

2. Defendant Lee Tran worked in Hydranautics' Finance Department from 1995 through August 2018, including as an Accounting Supervisor.

//
//
//

**Count 1**

18 U.S.C. § 1343

**WIRE FRAUD**

3. Paragraphs 1 and 2 of the Introductory Allegations are realleged and incorporated by reference.

4. Beginning no later than August 2012, and continuing up to and through August 2018, within the Southern District of California and elsewhere, Defendant Lee Tran knowingly and with the intent to defraud, devised a material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

**METHODS AND MEANS**

5. As part of the scheme, Defendant opened multiple company credit cards in her name and then charged personal expenses to these cards, including expenses incurred at casinos.

6. It was a further part of the scheme that Defendant issued company checks to cover her corporate credit card expenses and entered the expenses into the accounting system so that the checks appeared to be issued to legitimate vendors. Defendant then excluded, or instructed others to exclude, her company credit card charges from end-of-month credit card reports provided to Hydranautics' Vice President of Finance.

7. It was a further part of the scheme that Defendant issued checks from Hydranautics to herself and then entered false information into Hydranautics' accounting system to make it appear that the checks were issued to legitimate vendors.

8. It was a further part of the scheme that Defendant issued company checks with the payee listed as "Petty Cash." Defendant took

this cash for herself and then used her access to the accounting system to make it appear that the checks were issued to legitimate vendors.

9. It was a further part of the scheme that Defendant issued company checks to a nonprofit organization for which Defendant served as treasurer. In her capacity as treasurer of the nonprofit organization, Defendant withdrew the payments from Hydranautics from the nonprofit organization's bank account for her personal use. Defendant then disguised the checks in Hydranautics' accounting system to make it appear the checks were issued to legitimate vendors.

10. Through execution of this scheme Defendant misappropriated $511,875.44 from Hydranautics.

**INTERSTATE WIRE**

11. On or about January 10, 2018, for the purpose of executing an essential part of the aforesaid scheme and artifice, Defendant caused to be transmitted by wire in interstate commerce certain writings, signs, signals, pictures, and sounds, to wit: an email from G.B. in Oceanside, California to T.T. in Teaneck, New Jersey, attaching a financial report, which included expenses that Defendant misclassified.

All in violation of Title 18, United States Code, Section 1343.

ROBERT S. BREWER, JR.
Acting United States Attorney

12/11/19
DATED

ANDREW J. GALVIN
MATTHEW J. SUTTON
Assistant U.S. Attorneys

3